IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VICTORIA YI, Next Friend of SONG MEYONG HEE, an Incapacitated adult, HEO HYEOB, HEO EUNSUK, and HEO KEUN SEOK,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PLEASANT TRAVEL SERVICE, INC., ROYAL LAHAINA RESORT, HAWAIIAN HOTELS AND RESORTS, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, ROE NON-PROFIT CORPORATIONS 1-10, ROE GOVERNMENTAL ENTITIES 1-10,<br><br>      Defendants. | CIVIL NO. 10-00318 LEK-RLP |

**<u>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION</u>**

On September 22, 2011, this Court issued its Order Granting in Part and Denying in Part Defendant Pleasant Travel Service, Inc.'s Motion for Summary Judgment ("Order"). On October 6, 2011, Defendant Pleasant Travel Service, Inc. ("Defendant"), filed a motion seeking reconsideration of the Order ("Motion"). Plaintiffs Victoria Yi, Next Friend of Song Myeong Hee, an incapacitated adult, Heo Hyeob, Heo Eunsuk, and Heo Keun Seok (collectively "Plaintiffs") filed a memorandum in opposition on October 13, 2011. Defendant filed its reply on October 27, 2011. The Court finds this matter suitable for

disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendant's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case.  The Court therefore will only discuss the background that is relevant to the instant motion.

Plaintiffs allege that on August 8, 2009, Song Myeong Hee ("Song"), along with her husband, Heo Hyeob, daughter, Heo Eunsuk, and son, Heo Keun Seok, were guests at the Royal Lahaina Resort ("hotel") operated by Defendant.  [Complaint at ¶¶ 2-5, 13.]  Plaintiffs allege that, on or about August 8, 2009, Song was in one of the two swimming pools on the hotel property where she "sank below the surface of water in the pool for a period of time after which she was brought to the surface having suffered a hypoxic event which cased her to suffer brain damage which rendered her, in the parlance, a 'vegetable.'"  [Id. at ¶ 14.]  Plaintiffs allege that there was no lifeguard on duty at the pool at the time of the accident; instead, there was a sign posted near the pool that said "WARNING NO LIFEGUARD ON DUTY".

[Id. at ¶¶ 12, 17.] According to Plaintiffs, the "text of the aforesaid sign failed to adequately warn guests of defendants, and/or any of them, including plaintiffs, of the hazard, risk and foreseeable harm as could result from the failure of defendants, and/or any of them, to provide a lifeguard at the pool." [Id.] Plaintiffs claim that, if Defendant had provided a lifeguard at the pool on August 8, 2009, Song likely would not have suffered brain damage. [Id. at ¶ 19.]

Defendant sought summary judgment on all claims on the grounds that there are no genuine issues of material fact and it was not negligent as a matter of law. Defendant asserted that it did not have any duty to provide lifeguards at the swimming pool, that it was not obligated to warn of the absence of lifeguards in a foreign language, and that any danger presented by the swimming pool was open and obvious. [Order at 4-8.] The Court denied the request for summary judgment on Plaintiff's negligence claim, reasoning as follows:

> It is well-established that Defendant, as landowner, owes Plaintiffs a general duty of reasonable care. Under Hawai'i law, a landowner has a duty to use reasonable care for the safety of all persons reasonably anticipated to be on the premises. Kahan v. United States, 73 F. Supp. 2d 1172, 1178 (D. Hawai'i 1999) (citing Gibo v. City & Cnty. of Honolulu, 51 Haw. 299, 301, 459 P.2d 198 (1969)). Further, Hawai'i courts recognize that a hotel has a "special relationship" with its guests, adopting § 314A of the Restatement (Second) of Torts. See, e.g., Knodle v. Waikiki Gateway Hotel, Inc., 69 Haw. 376, 386, 742 P.2d 377, 384 (1987) ("When the relation is a special

3

one of innkeeper and guest, the former is under a
duty to take reasonable action to protect the
latter against unreasonable risk of physical
harm." (citing Restatement (Second) of Torts §
314A (1965))).
. . .
In Robbins v. Marriott Hotel Services, Inc.,
CV. No. 08-00061 BMK, 2010 WL 3260185 (D. Hawai'i
Aug. 18, 2010), this district court considered the
applicability of § 343A to a defendant hotel
owner's argument that it did not owe its guest a
duty to warn of known and obvious dangers, where
the guest stepped onto an infinity ledge in order
to enter a swimming pool.  The court explained the
duty set forth in § 343A as follows:

> Thus, "[r]easonable care on the part of the
> possessor . . . does not ordinarily require
> precautions, or even warning, against dangers
> which are known to the visitor, or so obvious
> to [her] that [she] may be expected to
> discover them."  Id. § 343A cmt. e.  The term
> "obvious" means that "both the condition and
> the risk are apparent to and would be
> recognized by a reasonable [person], in the
> position of the visitor, exercising ordinary
> perception, intelligence, and judgment."  Id.
> § 343A cmt. b.

2010 WL 3260185, at *3.  The Robbins court
concluded "as a matter of law, that stepping onto
the infinity ledge to enter the pool is a known
and obvious danger."  Id. at *4.  Nevertheless,
the court noted that,

> a landowner may be liable for the physical
> harm caused to his invitee by a known and
> obvious danger if the landowner should
> anticipate the harm.  Restatement (Second) of
> Torts § 343A(1).  Harm may be anticipated
> where the landowner "has reason to expect
> that the invitee will proceed to encounter
> the known or obvious danger because to a
> reasonable [person] in [her] position the
> advantages of doing so would outweigh the
> apparent risk."  Id. § 343A cmt. f.  In such
> a case, "the fact that the danger is known,
> or is obvious, is important in determining

4

whether the invitee is to be charged with contributory negligence, or assumption of risk." Id. "It is not, however, conclusive in determining the duty of the [landowner], or whether he has acted reasonably under the circumstances." Id.

Id. Viewing the evidence in the light most favorable to the plaintiff, the Robbins court concluded that a genuine issue of material fact existed as to whether the defendant should have anticipated the harm to the plaintiff. Id. This Court agrees with the reasoning and analysis in Robbins.

Courts generally have held that, under varying circumstances, a swimming pool constitutes an open and obvious danger. See, e.g., Page v. Choice Hotels Int'l, Inc., No. 2:04-CV-13, 2005 WL 1106893, at *3 (W.D. Mich. Apr. 18, 2005) ("In this case, the danger of swimming along in an unsupervised pool is open and obvious as a matter of law, to a reasonably prudent person."); Estate of Valesquez v. Cunningham, 738 N.E.2d 876, 880-81 (Ohio Ct. App. 2000) (recognizing a swimming pool to be an open and obvious danger); Torf v. Commonwealth Edison, 644 N.E.2d 467 (Ill. Ct. App. 1994) (same); accord Wagatsuma v. Patch, 10 Haw. App. 547, 570, 879 P.2d 572, 585 (1994) (holding in products liability case that "[s]ince it is obvious to all that swimming pools are dangerous to young children, we take judicial notice of that fact.").

That a swimming pool may be an open and obvious danger in some circumstances does not relieve Defendant of all liability here. As recognized by the court in Robbins, comment f. to § 343A provides that the landowner's duty of care is not necessarily nullified by an open and obvious danger:

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require

5

> him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.
>
> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.

Restatement (Second) of Torts § 343A cmt. f (emphasis added) (internal citation omitted).

Given the foregoing, it is possible that, to a reasonable person, the advantages of swimming unsupervised in the Barefoot Bar pool would outweigh any apparent risk. Thus, the Court cannot conclude, as a matter of law, that Defendant should not have had reason to expect its guests to encounter the danger of drowning without a lifeguard present, even if the danger was known and obvious. Thus, whether the Barefoot Bar swimming pool, without lifeguards posted, constitutes an "unreasonable risk," or whether Defendant was required to take reasonable steps to protect its swimmers against a known danger are questions of fact for the factfinder to determine.

Further, to the extent Defendant seeks a ruling as a matter of law that its general duty of care did not require it to post a lifeguard under

6

> the unique facts and circumstances of this case, the Court finds that this is an issue of fact for the jury. As Hawai'i appellate courts have explained, "'[i]ssues of negligence are ordinarily not susceptible of summary adjudication' by the court." Bidar v. Amfac, Inc., 66 Haw. 547, 553, 669 P.2d 154, 159 (1983) (quoting Pickering v. State, 57 Haw. 405, 407, 557 P.2d 125, 127 (1976)). "Whether the defendant had a duty to take reasonable action to protect the plaintiff from unreasonable risk of harm is, of course, a question for the judge. But what is reasonable and unreasonable and whether the defendant's conduct was reasonable in the circumstances are for the jury to decide." Knodle, 69 Haw. at 387, 742 P.2d at 384. Accordingly, Defendant's Motion is DENIED with respect to liability.

[Order at 29-34 (footnote omitted).]

**I. Motion**

Defendant seeks reconsideration of this ruling pursuant to Local Rule 60.1(c), based on "manifest errors of law and fact." [Mem. in Supp. of Motion at 2.] Defendant asks the Court to vacate the Order and grant its motion for summary judgment. [Id. at 13.]

    **A. Duty**

Defendant first argues that, whether it owed Plaintiffs a duty to provide a lifeguard at its swimming pool is a question of law, but based upon the Court's Order, "whether this Defendant was required to provide a lifeguard for the benefit of SONG is now a question of fact for the jury." [Id. at 3.] Defendant argues that "[i]t is up to the judge, not the jury, to determine whether a defendant owes a duty to a particular plaintiff." [Id.

7

at 5.]

Defendant also argues that requiring the jury to determine whether Defendant had a duty to post a lifeguard will create inconsistent rulings and uncertainty in the law. Defendant asserts that:

> The effect of having the jury determine whether this Defendant had a duty to post a lifeguard at its swimming pool is that whether hotels have a duty to post lifeguards will depend on the idiosyncrasies of each jury panel for each drowning or near-drowning case, particularly because the swimming pool at issue is just that—an ordinary swimming pool. Either the jury's decision as to duty will be viewed as new law requiring hotels to post lifeguards, or, as the Order suggests, such a determination will be made on a case-by-case basis.

[Id. at 7.] Further, Defendant argues that "[u]nder the reasoning of the Order, every case involving a hotel swimming pool drowning, or near-drowning, incident will require a jury trial to determine whether a duty lies." [Id. at 8.]

### B. <u>Primary Implied Assumption of Risk</u>

Defendant next argues that the Order does not address the application of the doctrine of primary implied assumption of risk raised in its motion for summary judgment. It acknowledges that, "[t]he Order does note that, 'it is possible that, to a reasonable person, the advantages of swimming unsupervised in the Barefoot Bar pool would outweigh any apparent risk.'" [Id. at 11 (quoting Order at 34).] Defendant notes that, "[t]he aforementioned quotation embodies the doctrine of primary implied

assumption of risk, which remains good law in the state of Hawai'i." [Id.]

According to Defendant,

> [b]ased upon the complete absence of any facts suggesting that SONG did not voluntarily enter the swimming pool, in the absence of a lifeguard, and cognizant of the risks entailed by doing so, her assumption of the risk of entering the swimming pool under such circumstances, is the very factual situation in which the doctrine of primary implied assumption of risk is applicable.

[Id. at 12-13.]

## II. Memorandum in Opposition

Plaintiffs' memorandum in opposition first argues that the Motion is procedurally deficient because it is not brought pursuant to any Federal Rule of Civil Procedure and that Defendant is not entitled to relief under Rules 59(e) or 60. [Mem. in Opp. to Motion at 1-3.]

As to the merits of the Motion, Plaintiffs argue that "the defense refuses to accept is that it is for the jury to determine if the hotel's failure to post a guard was conduct which subjected pool users to an unreasonable risk of harm – clearly a fact question." [Id. at 4.] Plaintiffs also argue that there is no basis for revisiting the issue of assumption of risk. [Id. at 4-5.]

## III. Reply

In reply, Defendant argues that the Motion, brought pursuant to Local Rule 60.1, is not procedurally deficient, and

9

that it could not have raised any of these issues earlier because they are based upon the Court's Order. It contends that the memorandum in opposition fails to substantively oppose the Motion. [Reply at 2-5.]

**DISCUSSION**

To the extent Plaintiffs argue that the Motion is procedurally deficient, the Court disagrees, and will consider the merits of the Motion brought pursuant to Local Rule 60.1.

"[A] successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted). This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)). "Mere disagreement with a previous order is an insufficient basis

for reconsideration." Id. "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

Defendant first argues that whether it owed Plaintiffs a duty to provide a lifeguard at its swimming pool is a question of law that the Court should have decided in ruling on the motion for summary judgment. The Court, however, did rule with respect to the duty owed to hotel guests generally, and with respect to swimming pools specifically. The Court explained:

> It is well-established that Defendant, as landowner, owes Plaintiffs a general duty of reasonable care. Under Hawai'i law, a landowner has a duty to use reasonable care for the safety of all persons reasonably anticipated to be on the premises. Kahan v. United States, 73 F. Supp. 2d 1172, 1178 (D. Hawai'i 1999) (citing Gibo v. City & Cnty. of Honolulu, 51 Haw. 299, 301, 459 P.2d 198 (1969)). Further, Hawai'i courts recognize that a hotel has a "special relationship" with its guests, adopting § 314A of the Restatement (Second) of Torts. See, e.g., Knodle v. Waikiki Gateway Hotel, Inc., 69 Haw. 376, 386, 742 P.2d 377, 384 (1987) ("When the relation is a special one of innkeeper and guest, the former is under a duty to take reasonable action to protect the latter against unreasonable risk of physical harm." (citing Restatement (Second) of Torts § 314A (1965))).

[Order at 29.] To the extent Defendant seeks a ruling, as a matter of law, that it was not required to post a lifeguard at

its pool under the specific facts and circumstances of this case, the Court again declines to make such a legal ruling.  The Court reaffirms its ruling that "whether the Barefoot Bar swimming pool, without lifeguards posted, constitutes an 'unreasonable risk,' or whether Defendant was required to take reasonable steps to protect its swimmers against a known danger are questions of fact for the factfinder to determine."  [Order at 34.]  That is, whether Defendant's conduct was reasonable under the circumstances is a question for the jury.  [Id. ("[W]hat is reasonable and unreasonable and whether the defendant's conduct was reasonable in the circumstances are for the jury to decide." (quoting Knodle, 69 Haw. at 387, 742 P.2d at 384)).]

Further, to the extent Defendant argues that requiring the jury to determine whether Defendant should have posted a lifeguard will create inconsistent rulings and uncertainty in the law, the Court disagrees, and finds that this is not a basis for reconsideration of its Order.

Finally, Defendant argues that the Court did not explicitly rule on the merits of its argument that the doctrine of primary implied assumption of risk applies here to bar Plaintiffs' action.  To the extent the Court did not set forth a separate finding with respect to Defendant's assumption of risk argument, such finding is subsumed within the Court's ruling that "Defendant's Motion is DENIED with respect to liability."  [Id.]

The Court, however, takes this opportunity to clarify that Defendant has not met its burden on summary judgment with respect to its assumption of risk argument. That is, viewing the facts in the light most favorable to the non-moving party, Defendant has not established that Plaintiffs' negligence claims are barred by the doctrine of primary implied assumption of risk.

The Court CONCLUDES that Defendant has not met its burden of establishing manifest errors of law and fact in the Order. Defendant's sincere disagreement with the Order is an insufficient basis for reconsideration. Accordingly, the Court finds no error in its denial of Defendant's motion for summary judgment as to liability.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion for Reconsideration of Order Granting in Part and Denying in Part Defendant Pleasant Travel Service, Inc.'s Motion for Summary Judgment, Entered on 09/22/11, filed October 6, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 30, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**VICTORIA YI, ETC., ET AL. V. PLEASANT HAWAIIAN TRAVEL SERVICE, INC., ET AL; CIVIL NO. 10-00318 LEK-RLP; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**